OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

March 31, 1999

The Honorable Ron Lewis
Chair, Energy Resources Committee
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. JC-0027

Re:    Construction of section 814.1041 of the
Government Code, which provides for a
"temporary service retirement option" for
certain state employees    (RQ-1115)

Dear Representative Lewis:

You ask whether the Employees Retirement System of Texas ("ERS") has correctly interpreted section 814.1041 of the Government Code, which provides a temporary service retirement option for certain state employees affected by privatization or other reductions in the workforce. The ERS is correct in applying section 814.1041(b) only to an employee who is not eligible to retire under section 814.104(a) of the Government Code when his or her position is eliminated. The ERS rule providing that a member of the affected employee class who is not eligible to retire without the age and service supplement will receive only the minimum service credit necessary to meet eligibility is inconsistent with the statute and is therefore invalid.

Eligibility for retirement is ordinarily determined according to section 814.104(a) of the Government Code, which states, with certain exceptions, that a member with service credit in the ERS is eligible to retire and receive a service retirement annuity "if the member is at least 60 years old and has 5 years of service credit in the employee class" or "if the sum of the member's age and amount of service credit in the employee class, including months of age and credit, equals the number 80." TEX. GOV'T CODE ANN. § 814.104(a) (Vernon Supp. 1999). Section 814.1041 provides for eligibility under different circumstances:

(a) This section applies only to members of the employee class whose positions with the Texas Workforce Commission, the Texas Department of Human Services, or the Texas Department of Mental Health and Mental Retardation are eliminated as a result of contracts with private service providers or other reductions in services provided by those agencies and who separate from state service at that time.

(b) A member described by Subsection (a) is eligible to retire and receive a service retirement annuity if the member's age and service

credit, each increased by three years, would meet age and service requirements for service retirement under Section 814.104(a) at the time the member separates from state service as described by Subsection (a). *The annuity of a person who retires under this subsection is computed on the person's accrued service credit increased by three years.* (Emphasis added.)

(c) A member described by Subsection (a) becomes eligible to retire and receive a service retirement annuity on the date on which the member would have met the age and service requirements for service retirement under Section 814.104(a) had the member remained employed by the state if, on the date of separation from state service, the member's age and service credit, each increased by five years, would meet age and service requirements for service retirement under Section 814.104(a). The annuity of a person who retires under this subsection is computed on the person's accrued service credit.

*Id.* § 814.1041(a)-(c). These provisions, adopted by the 75th Legislature,[1] apply "only to positions eliminated by privatization or other reductions in workforce before September 1, 1999." *Id.* § 814.1041(f).

Your question relates to the following interpretations of section 814.1041(b) adopted by ERS in implementing this provision:

1. A member of the affected employee class who is otherwise eligible to retire without the addition of three years to age and service credit will receive no additional years of service credit in computing the member's annuity;

2. A member of the affected employee class who is not eligible to retire without the age and service supplement will receive only the minimum service credit necessary to meet eligibility.

Letter from Honorable Ron Lewis, State Representative, to Honorable Dan Morales, Attorney General (Mar. 17, 1998) (on file with Opinion Committee). You are concerned that these interpretations are inconsistent with the statute, the purpose of which, you assert, is to lessen the adverse impact of privatization by providing additional benefits to the affected employee class. Specifically, you ask whether the ERS has correctly interpreted and applied section 814.1041(b), "taking into consideration the legislative history, the written provisions enacted, and the adverse impact on the older members of the employee class." *Id.* at 2.

---

[1]Act of May 28, 1997, 75th Leg., R.S., ch. 1048, § 13, 1997 Tex. Gen. Laws 3986, 3989.

At the outset, we note that we cannot evaluate the impact of the ERS interpretations on older members of the employee class. This involves questions of fact, which cannot be addressed in an attorney general opinion. Nor can we address your concern that the ERS interpretations may raise an issue of age discrimination under the federal Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-34 (1994). *See* Tex. Att'y Gen. Op. No. DM-154 (1992) (summarizing provisions of Age Discrimination in Employment Act of 1967). Whether a particular application of section 814.1041(b) as interpreted by ERS is consistent with the federal act involves questions of fact, which cannot be resolved in an attorney general opinion. *See* Tex. Att'y Gen. Op. No. DM-158 (1992) at 2-3 (discussing the federal Civil Rights Act of 1964 and stating that opinion process cannot answer fact questions relating to federal act).

In response to your request, the ERS confirms your description of its interpretation of section 814.1041(b). ERS further states:

> We believe that Tex. Gov't Code Ann. § 814.1041(b) does not apply at all to employees who are otherwise eligible to retire at the time of the privatization. In addition, if an employee does become eligible for retirement by virtue of the 3 + 3 feature, the employee's annuity is calculated by increasing the employee's service credit only by the amount needed for the employee to become eligible to retire.

Letter Brief from William S. Nail, Deputy Executive Director & General Counsel, ERS, to Sarah J. Shirley, Office of the Attorney General (May 11, 1998) (on file with Opinion Committee). The ERS rule implementing section 814.1041 of the Government Code incorporates these interpretations:

> (c) To be eligible for benefits under § 814.1041(b) or § 814.1041(c), the member's age and service at the time of separation . . . must not otherwise qualify the member for service retirement benefits. . . . Service creditable under § 814.1041(b) for age and service shall be in equal increments not to exceed the maximum of three years of service and three years of age. For a member retiring under the provisions of § 814.104(a), only the amount of age or service credit needed for eligibility shall be added.

34 TEX. ADMIN. CODE § 73.41(c) (1998).

We first consider whether section 814.1041(b) applies only to persons who would be ineligible to retire without the increase in age and service credit it provides. In addressing your questions, we begin with the relevant language of section 814.1041(b):

> (b) A member described by Subsection (a) is eligible to retire and receive a service retirement annuity *if the member's age and service*

> *credit, each increased by three years, would meet age and service requirements for service retirement under Section 814.104(a) at the time the member separates from state service as described by Subsection (a).* (Emphasis added.)

TEX. GOV'T CODE ANN. § 814.1041(b) (Vernon Supp. 1999).

We believe that the legislative history of this bill supports the ERS construction of section 814.1041(b) as to the class of employees it benefits. *See id.* § 311.023(3) (Vernon 1998) (in construing a statute, a court may consider legislative history, among other matters). This provision was adopted by Senate Bill 1102 of the 75th Legislature,[2] which made various changes in the statutes governing the ERS. The bill analysis on Senate Bill 1102 prepared for the House Pensions and Investments Committee describes this provision as follows:

> Adds a new section 814.1041 to provide service retirement option for employees of . . . [certain state agencies] whose positions are eliminated as a result of privatization.
>
> Two options are provided. One allows members whose positions are eliminated to retire upon separation if adding 3 years of age and 3 years of service credit makes them eligible for retirement . . . . [Discussion of second option (§ 814.1041(c))].[3]

The Fiscal Note to Senate Bill 1102 states:

> Among the changes that will have an actuarial impact are . . . *earlier retirement eligibility for certain employees* of the Texas Workforce Commission, the Texas Department of Mental Health and Mental Retardation and the Texas Department of Human Services . . . .[4]

Section 814.1041(b) provides earlier retirement eligibility for persons whose positions were eliminated. Earlier retirement eligibility is not meaningful for persons already eligible to retire–the time for early retirement has already passed. It can apply only to persons who are ineligible to retire without the increments in years of age and service credits allowed by section 814.1041(b). Moreover,

---

[2]Act of May 28, 1997, 75th Leg., R.S., ch. 1048, § 13, 1997 Tex. Gen. Laws 3986, 3989.

[3]HOUSE PENSIONS & INVESTMENTS COMM., BILL ANALYSIS, Comm. Substitute S.B. 1102, 75th Leg., R.S. (1997).

[4]FISCAL NOTE, Tex. S.B. 1102, 75th Leg., R.S. (1997).

neither the bill analysis nor the fiscal note suggests that the enactment will affect the benefits of persons eligible to retire under existing law. Accordingly, ERS has, in our opinion, correctly determined that section 814.1041(b) does not apply to employees who are otherwise eligible to retire without the addition of three years to age and service credit.

We address the second ERS interpretation that you question: that a member of the affected employee class who is not eligible to retire without the age and service supplements will receive only the minimum service credit necessary to meet eligibility. We conclude that the ERS interpretation is incorrect, because it is contrary to the plain language of the statute.

Section 814.1041(b) provides that certain employees are eligible to retire "if the member's age and service credit, each increased by three years, would meet age and service requirements for service retirement under Section 814.104(a) at the time the member separates from state service as described by Subsection (a)." The statute plainly states that the age and service credit are each to be "increased by three years," not merely by the minimum amount of age or service credit needed for eligibility. In addition, "[t]he annuity of a person who retires under this subsection is computed on the person's accrued service credit *increased by three years.*" *Id.* § 814.1041(b) (Vernon Supp. 1999) (emphasis added).

The bill analysis to Senate Bill 1102 also states that the option provided by section 814.1041(b)

> allows members whose positions are eliminated to retire upon separation *if adding 3 years of age and 3 years of service credit* makes them eligible for retirement *with the additional service credit counting for purposes of computing an annuity.*[5]

Both section 814.1041(b) and its description in the bill analysis plainly state that three years are to be added to age and service credit of persons affected by that provision and that the three years of additional service credit will count for purposes of computing an annuity. ERS points out that this construction magnifies the differences between persons who benefit from section 814.1041(b) and persons who are eligible to retire aside from that provision. For example, a person who needs only one month of service to be eligible to retire would receive an additional two years and eleven months of service in calculating his or her annuity, while a person terminated due to privatization one month after becoming eligible for retirement would not receive any additional service credit. While we acknowledge this difficulty with section 814.1041(b), we cannot disregard its literal meaning.

The ERS has submitted a letter from the primary sponsors of Senate Bill 1102 stating that "it was the intent that the annuity of a person retiring under Section 814.1041(b) be computed by increasing a person's service credit only by the amount needed by that person to become eligible

---

[5]HOUSE PENSIONS & INVESTMENTS COMM., BILL ANALYSIS, Comm. Substitute S.B. 1102, 75th Leg., R.S. (1997).

for retirement." Letter from Senator Ken Armbrister & Representative Barry Telford, to Ms. Sheila W. Beckett, Executive Director, ERS, (July 15, 1997) (on file with Opinion Committee). In interpreting statutes, the courts "seek to effectuate the 'collective' intent or purpose of the legislators who enacted the legislation." *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991) (en banc) (citation omitted). To accomplish this, it necessarily focuses its attention on the literal text of the statute. *Id.*; Tex. Att'y Gen. LO-95-085, at 7, n 4. "[T]he intent of an individual legislator, even a statute's principal author, is not legislative history controlling the construction to be given a statute." *General Chem. Corp. v. De La Lastra*, 852 S.W.2d 916, 923 (Tex. 1993). Accordingly, post-enactment statements by legislators are not evidence of legislative intent. *Regional Rail Reorganization Act Cases*, 419 U.S. 102, 132 (1974); Tex. Att'y Gen. Op. No. DM-321 (1995) at 1-2, n. 1.

The provision of the ERS rule limiting to less than three years the additional years of age and service credit granted under section 814.1041(b) is inconsistent with the statute and therefore invalid. *Sharp v. House of Lloyd, Inc.* 815 S.W.2d 245, 247-48 (Tex. 1991) (comptroller could not promulgate rule that was contrary to the plain language of the statute).

## S U M M A R Y

Section 814.1041 of the Government Code provides a temporary service retirement option under the Employees Retirement System of Texas for employees of certain state agencies whose positions are eliminated because of privatization or other reductions in workforce. Section 814.1041(b) provides that an employee is eligible to retire and receive a service retirement annuity if the member's age and service credit, each increased by three years, would meet the requirements of section 814.104(a) of the Government Code, the general provision for retirement. Section 814.1041(b) applies only to an employee who is not eligible to retire under section 814.104(a) of the Government Code when his or her position is eliminated.

The service annuity of a person who retires under section 814.1041(b) is computed on the person's accrued service credit increased by three years. The ERS rule providing that a member of the affected employee class who is not eligible to retire without the age and service supplement will receive only the minimum service credit necessary to meet eligibility is inconsistent with the statute and is therefore invalid.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General